UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY PROVOST, JR.                           CIVIL ACTION

VERSUS                                        NUMBER 14-89-SDD-SCR

OFFSHORE SERVICE VESSELS, LLC,
ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 9, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


LARRY PROVOST, JR.                           CIVIL ACTION

VERSUS                                       NUMBER 14-89-SDD-SCR

OFFSHORE SERVICE VESSELS, LLC,
ET AL.
```

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Larry Provost.  Record document number 4.  The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court against defendants Offshore Service Vessels, L.L.C. (hereafter "OSV") and its insurer Assuranceforeningen SKULD (hereafter "Skuld") alleging a negligence claim under the Longshore Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b).  Plaintiff alleged that he was injured in a trip and fall accident while working aboard the M/V Robert Adams, which was managed and operated by OSV, and that his accident resulted from the fault of OSV personnel.

Defendant Skuld removed the case to this court.  Defendant OSV consented in the removal.  Defendant Skuld asserted that this court has original subject matter jurisdiction over the plaintiff's general maritime claim and the LHWCA claim pursuant to 28 U.S.C. § 1333(1) and § 1441.

Plaintiff moved to remand. Plaintiff argued that the Fifth

---

[1] Record document number 6.

Circuit has held that maritime cases which are brought in state court are exempt from removal under the "saving to suitors" clause of § 1333, and may only be removed when another basis for federal jurisdiction exists, such as diversity of citizenship. Because the defendant did not allege another basis for jurisdiction, plaintiff argued, the removal was improper.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

### Removal of General Maritime Claims

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise

entitled.  The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable pursuant to § 1441(b), which prior to 2012 stated:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468,(1959).

Prior to the 2011 amendment, § 1441(a) provided, in relevant part, as follows:

> a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims alone.  Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed.  *Id*.

3

Section 1441 was amended in December 2011 and now reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Court must determine whether the current version of § 1441 permits removal of the plaintiff's general maritime claims.

**Analysis**

**Removal of General Maritime Claims Is Proper Under the Current Version of § 1441.**

A review of the applicable statutes and cases supports finding that the current version § 1441 permits the removal of general maritime claims without requiring an additional source of federal jurisdiction. In *Wells v. Abe's Boat Rental, Inc.*[2] the district court determined that general maritime claims are removable under the current version of § 1441 despite the joinder of a non-removable Jones Act claim. In doing so, the district court relied

---

[2] 2013 WL 3110322 (S.D. Tex. June 18, 2013).

4

on the analysis presented in *Ryan v. Hercules Offshore, Inc.*[3] to support its conclusion. Although neither case is controlling, the reasoning in both *Wells* and *Ryan* is persuasive and is applicable to the facts in this case.

After surveying Fifth Circuit and Supreme Court case law, the *Ryan* court summarized the principles which made general maritime claims non-removable under the prior version § 1441, as follows:

> (1) [F]ederal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.[4]

Under both the prior and current version of § 1441(a) removal of civil actions over which the district courts have original jurisdiction is permitted unless expressly prohibited by an Act of Congress. In the current version of § 1441(b) Congress omitted the language which required a removable claim that was not subject to

---

[3] 2013 WL 1967315 (S.D. Tex. May 13, 2013).

[4] *Ryan*, 2013 WL 1967315 at 4, relying on: *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468 (1959); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150 (5th Cir. 1996), and *Barker v. Hercules Offshore*, Inc., 713 F.3d 208 (5th Cir. 2013).

diversity jurisdiction to arise "under the Constitution, treaties or laws of the United States." As discussed in *Ryan*, the courts in the Fifth Circuit relied on this specific language of § 1441(b) to be the "Act of Congress" which precluded the removal of original jurisdiction maritime cases pursuant to § 1441(a). Now that this language has been removed, nothing in § 1441 or another Act of Congress prevents removal of general maritime claims. Thus, both *Wells* and *Ryan* demonstrate that the amendment to § 1441 allows removal of general maritime claims. Although the Fifth Circuit has not addressed how the new language of § 1441 affects removal, the statutory basis for the Fifth Circuit's prior holding has clearly been changed. Because the plaintiff's state court petition was filed after the amendment to § 1441, this new interpretation of the law is applicable.[5]

Plaintiff's argument against the removal of his general maritime claims based on the saving to suitors clause is unpersuasive. The case cited by the plaintiff, *Barry v. Shell Oil*

---

[5] This issue of the amendment to § 1441 and its effect on the removal of general maritime claims was addressed by this court in Civil Action No. 13-477-JJB-SCR. Using the same analysis and relying on *Wells* and *Ryan*, the undersigned recommended that the Motion to Remand be denied. The district judge adopted the report and recommendation, specifically noting that the denial was based primarily on the 2011 revisions to § 1441. *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D.La. November 19, 2013). See also *Harrold v. Liberty Insurance Underwriters, Inc.*, 2014 WL 688984, (M.D. La. Feb. 20, 2014)(same).

*Company*, is not controlling and is distinguishable.[6]  In *Barry*, the district court determined that the saving to suitors clause barred removal of a maritime claim where the plaintiff had requested a jury trial, which is not available in federal court where admiralty is the sole basis for jurisdiction.  The court stated that removal would deprive the plaintiff of the right to pursue his non-maritime remedy of a jury trial.

Since the plaintiff in this case did not request a jury trial, the *Barry* reasoning is not applicable.  Additionally, the district court in *Barry* specifically noted that its holding did not address the issue of whether the amended version of § 1441 affects the removal of admiralty claims.[7]

Plaintiff also relied on language from *Barker v. Hercules Offshore, Inc.,* which states that maritime cases are exempt from removal pursuant to the saving to suitors clause.[8]  However, as discussed in detail above, the Fifth Circuit's reasoning against removal of maritime claims was based on old the language of § 1441(b), not § 1333.  The issue before the Fifth Circuit in *Barker*

---

[6] 2014 WL 775662 (E.D.La. February 25, 2014).

[7] *Id.* at 3.

[8] 713 F.3d 208 (5th Cir. 2013).  In *Barker*, the Fifth Circuit stated, "[maritime cases] are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims [] and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Id.* at 219.  However, the decision did not address the present removal issue.

7

was not the one present in this case, thus the dicta cited by the plaintiff from *Barker* is not persuasive.

With respect to the saving to suitors clause, the Fifth Circuit has maintained the its position that it "does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies*."[9]  Plaintiff has not requested any remedy that cannot be pursued in a federal forum.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, May 9, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] *Tennessee Gas Pipeline*, 87 F.3d at 153, *citing*, *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981).

8